BOYES ET AL., APPELLANTS, v. THE GREEN MOUNTAIN FALLS TOWN AND IMPROVEMENT CO., APPELLEE.

1. SPECIFIC PERFORMANCE.
The fact that a contract depends upon a condition precedent which has not been performed, is always a complete defense to a suit for its enforcement.

2. RESCISSION—DISCRETIONARY.
The rescission or cancellation of contracts or deeds and specific performance are not matters of absolute right, but matters resting in the sound discretion of the court.

3. RESCISSION, WHEN DECREED.
The court will decree deeds, leases or contracts to be canceled, when enforcing such instruments or agreements would be inequitable or unjust.

4. RESCISSION—DAMAGES.
Generally, where one fails to perform his part of a contract or disables himself from performing it, the other party may treat the contract as rescinded, and may elect either to sue for damages or to bring suit for a cancellation.

*Appeal from the District Court of El Paso County.*

APPELLANT was the occupant of 160 acres of land, having a pre-emption right upon it. The land was adjoining, and partially between tracts of land belonging to the appellee. Appellee, being desirous of obtaining the land, entered into negotiations with the appellant, which resulted in the conveyance of the land. The possession of the property was delivered to appellee. Appellant perfected his pre-emption right; entered the land and received a receipt from the Government Land Office on the 19th of August, 1889. Appellant instituted this suit, alleging his former ownership of the land, that it was of the value of $7,000, that appellee procured the deed through false and fraudulent representations; also, alleging a failure to perform, as agreed, upon the part of the appellee; alleging also, that promises, made to him by way of inducement, to build an hotel worth $75,000, grade streets, bring in water, etc., to enhance the value of the property, had not been kept; that with the exception of a partial and imperfect survey dividing a portion of the land into lots and streets, nothing had been done; and that the sum of $100 was all the consideration he had received for the land, and praying that the deed be canceled, and for other and proper relief.

Appellee, after denying generally the allegations of fraud, etc., in the complaint, set out the following instrument in writing.

" *Know All Men By These Presents:* That the Green Mountain Falls Town and Improvement Company, a corporation with its principal office in the city of Colorado Springs, county of El Paso, and state of Colorado, is held and firmly bound unto James Boyes, of the county and state aforesaid, in the penal sum of five hundred dollars, ($500) lawful money of the United States, for the payment of which sum, well and truly to be made to the said James Boyes, the said company binds itself and its successors.

" Sealed with its corporate seal, and dated this 26th day of December, A. D. 1888.

" The Green Mountain Falls Town and Improvement Co.

"    F. E. DOW, President.

"    I. J. WOODWORTH, as Secretary.

" The condition of the above obligation is such, that:

" *Whereas*, The said James Boyes has executed a Warranty Deed, running to the said Green Mountain Falls Town and Improvement Company, of the following property to-wit: * * * *Now Therefore*, If said company shall survey, grade and improve the streets on said lands, make other valuable improvements thereon, and commence within thirty days of the date hereof, to survey into lots, and plat said lands, or so much thereof as said company may deem practicable, and deed to said Boyes one-tenth of said lots so platted, to be divided as follows, to-wit:

" Said Boyes to draw one of said lots, and said company to draw nine of said lots, said drawing to be continued until all of said lots platted are drawn, also to pay said Boyes one-tenth of the net proceeds from the sale of said lands not surveyed and platted by said company, and to allow him, the said Boyes, to retain the house now occupied by him, then this obligation to be null and void, otherwise of full force and effect.

" It is distinctly understood and agreed by said Boyes that the penalty and conditions of the above obligations are subject to the validity and sufficiency of the above Warranty Deed above referred to.

    " Signed, sealed and delivered in the presence of
                          " S. P. MADIERA, (SEAL)
                          " J. H. BOWMAN, (SEAL)"

Alleging that the $100 paid and the conveyance of one-tenth of the lots was all the consideration appellant was to receive. Also, alleging its willingness and offer to make conveyance of the lots, and the refusal of appellant to receive. The answer also contains the following:—That appellee " should survey and plat into lots within thirty days, and grade and improve the streets—no time was specified when streets should be graded, but understanding that it was to be done when streets were needed.

" That defendant was to make other valuable improvements, which were understood to be water-works.

"That as further consideration for said deed defendant was to convey plaintiff one-tenth the lots so surveyed and platted of said lands." * * * "Defendant stands ready to and will grade said streets when needed" etc.

A replication was filed in which the statute of frauds was pleaded to the instrument relied upon. A trial was had to the court, a finding for the defendant and a decree dismissing the suit.

Mr. WM. HARRISON and Mr. T. O. TOWNSEND for appellants.

Mr. T. A. McMORRIS, for appellee.

REED, J., delivered the opinion of the court.

Prior to making the arrangement under discussion, appellee attempted to buy the property, making an offer of $1000, which was refused. Failing to purchase, and wishing to secure it, appellee by its officers, commenced negotiations to obtain it, which finally resulted in the conveyance and the contract. Appellant received $100 and the agreement, and conveyed his land.

It is stated in the complaint that appellant was a laboring man of foreign birth, with very limited business knowledge and education. The truth of this allegation is established by the transaction, and the acceptance of the contract with only a penalty of $500.

It is alleged in the complaint that the property conveyed was worth $7,000. Upon the trial, officers of appellee and witnesses in its behalf fixed the value variously, from $6,000 to $10,000. In regard to the conversations and inducements held out to appellant by officers of appellee, in order to secure the property, there is some slight conflict of testimony; but in all important particulars, witnesses substantially agree. Appellant was informed by Mr. Sprague, an officer of appellee, that streets were to be laid out and graded, water-

,works put in, an hotel to cost $75,000 to be built upon the land. Appellant still hesitating, Sprague asks him to see Mr. Dow, the president, and said, " that whatever Dow said I could depend upon, that he had the money to make the improvements," etc. Mr. Dow was seen, and so far corroborated Sprague as to induce him to make the arrangement. It at once becomes apparent, that the inducement for the conveyance of nine-tenths of the property was the agreement to expend a large sum of money then on hand, in the improvement of the property conveyed; and the consideration, the enhanced value of the other one-tenth by reason of such expenditure of money in improvements. Such is the unavoidable conclusion from all the testimony in the case— the circumstances and condition of the parties. It is evident that appellant relied upon the honor, ability and integrity of the officers with whom he dealt, and their assurance of funds on hand to make the contemplated improvements, and intention to do it. Otherwise, he would have no consideration whatever, except the $100 received. Appellee failed to realize upon the enterprise, the " boom " collapsed, and no matter how honorable its intentions were, was unable to comply with the contract entered into, upon technical interpretation of which it now attempts to escape, and make appellant the victim. It is alleged that it had expended $600 or $700 in surveying and platting a portion of the property into lots. At that point it stopped, and required appellant to proceed to a division of the lots surveyed. The parties met and the following is the uncontradicted testimony of appellant in regard to what occurred at the interview.

" Saw Dow next evening. He wanted to know why I had not divided the lots. I told him that they had not fulfilled their contract. He said they had not agreed to make the improvements before division. I told him I had not agreed to divide the lots until improvements were made. He said ' they were going ahead to sell the lots, they had a deed to the property and were not going to make any more improvements, and all I could collect was the $500 ; that they were

under no obligation to grade the streets then.' And this is corroborated by the defense interposed. In the answer it is said, '*Defendant stands ready to and will grade said streets when needed.*'"

The defense is not such as to appeal to a chancellor, a falling back and reliance upon the contract as far as appellant is concerned, while evading and avoiding its express stipulations and the evident intention and understanding of the parties. When the stipulations of a contract are relied upon, the party insisting must show full, complete and technical compliance with all important requirements. The obligations assumed by the appellee in the contract are as follows : "Now therefore, if said company shall survey, grade and improve the streets on said lands, make other valuable improvements thereon, and commence within thirty days of the date hereof to survey into lots, and plat said lands, or so much thereof as said company may deem practicable, and deed to said Boyes one tenth of said lots so platted, to be divided as follows, to wit : "

It first covenants to survey, grade and improve the streets. Second, "*make other valuable improvements thereon,*" then follows in regard to surveying and platting of lots, and their division between the parties.

It being conceded, or apparent, that the enhanced value of the one tenth by reason of the contemplated improvements and the expenditure of money upon the property was the sole consideration for the conveyance of the nine tenths, the failure to perform worked an absolute failure of consideration. The agreements on the part of the appellee must be regarded as conditions precedent to its right to enforce the contract against appellant. The setting of stakes and a plat upon paper left the land in its natural state, as far as marketable value was concerned. The entire tract as owned by appellant before the conveyance was in the same situation it was when he was required to take one tenth in consideration. The avowal of the appellee of a willingness and intention to lay out and grade streets when they should be needed,

is of no value ; it was to precede.   It is an attempted evasion,
an attempted reversal of the natural order.   The laying out
and grading of streets was necessary to the habitation of
the lots.   Occupants could not be expected to enter upon
the land and compel the opening of streets.

The other valuable improvements covenanted to be made
had not been made or entered upon, nor had any survey or
plat of the lots been made as agreed.   The contract was to sur-
vey and plat the lands conveyed.   The testimony shows ap-
pellee to have owned lands adjoining the land in question
on two sides, and that in the survey the lots crossed the
lines, a fractional part of the lot being on each tract.   This
was clearly a violation of the contract, rendering the division
provided for impossible.   Appellant was not required to di-
vide lots or take compensation from lands, other than that
conveyed by him.   Appellee by its answer sets up the con-
tract and insists upon specific performance on the part of
appellant.   The acts to be performed by appellee being con-
ditions precedent, and not having been performed is not
legally in a position to enforce the contract against the other
party.   " When a contract rests upon a condition precedent,
until the performance of the condition, it cannot be enforced,
because until that time there is no true contract. * * * The
fact that a contract depends upon a condition precedent,
which has not been performed, is always a complete defense
to a suit for its specific enforcement."   Pom. on Spec. Per-
formance, § 334; *Regents Canal Co. v. Ware*, 23 Beav. 586;
*Laning v. Cole*, 3 Green's Chy. (N. J.) 229; *Dilly v. Barnard*,
8 Gill & John (Md.) 170; *Jones v. Roberts*, 6 Call (Va.) 187.

Appellee having failed to comply with its covenants and
agreements, and relying upon the penalty of $500, and the
letter of the contract as against appellant, he was justified in
regarding the contract at an end.   No court of equity could
or would compel him to take one tenth of the property he
conveyed, in the same condition as when he conveyed, as a
consideration for the whole.   The rescission or cancellation
of contracts or deeds and specific performance are not matters

of absolute right, but are matters of sound discretion in a
court of equity, to be granted or refused, according to its
own ideas of what is reasonable and right.   1 Story Eq. Jur.
§§ 206, 692 & 693; *Mortlock v. Butler*, 10 Ves. Jr. 293.

In *Torrance v. Batton* L. R., 8 Chy. Ap., 118, it is laid
down " That there is no general rule that actual fraud is
necessary even in sales of land if the contract or enforcement
of it is, in the opinion of the court, unconscientious, equity
will rescind to it." *Graham v. Johnson*, L. R., 8 Eq. Cas.
36; *Jones v. Bolles*, 9 Wal. 364; *Glastenbury v. McDonald*,
44 Vt. 450; *Wilson v. Getty*, 57 Pa. St., 266; *Martin v.
Graves*, 5 Allen, (Mass.) 601.

The court will take jurisdiction and decree deeds, leases
or contracts to be cancelled, " when enforcing instruments
or agreements would be inequitable or unjust." *Baker v.
Mink*, 4 De G. J. & S., 388; *Wright v. Vanderplank*, 8 De
G. M. & G., 133 : *Hyer v. Little*, 20 N. J. Eq., 443; *Allose
v. Jewell*, 4 Otto, 506; *Reid v. Burns*, 13 Ohio St. 49.

But in this case it is unnecessary to rely upon the equit-
able power and jurisdiction of the court to cancel and set
aside the contract as inequitable and unjust.   A failure to
perform on the part of appellee was so far a repudiation of
the contract as to warrant appellant in regarding it as re-
scinded, and he had his election either to sue at law for the
breach for damages—treating the conveyance as valid, or,
as in this case, to bring suit to cancel the conveyance and
recover his land.

In 2 Pars. on Con., 679, it is stated, " Generally, where
one fails to perform his part of the contract, or disables him-
self from performing it, the other party may treat the contract
as rescinded."   See *Keys v. Harwood*, 2 C. B. 905; *Blanche
v. Colburn*, 8 Bing. 14; *Shaw v. Turnpike Co.*, 2 Penn. St.
454; *Goodrich v. Safflin*, 1 Pick., 57; *Hill v. Green*, 4 Pick.
114.

Before entering into the final contract, appellee offered
$1,000 for the property, which was declined.   Upon the trial,
officers and witnesses of appellee fixed the value of the prop-

erty at from $6,000 to $10,000, and appellee had paid but $100. To allow appellee, after failure to perform its covenants to give the property value, to retain the property, by falling back upon the $500 penalty, thus keeping the property for $600, would be clearly unjust and inequitable.

The district court erred in dismissing the suit, in effect holding appellant to specific performance. The decree will be reversed and cause remanded.

*Reversed.*